IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00456-REB-MEH

CONNOR MCSWEENEY,

    Plaintiff,

v.

PETER JANES, M.D.,
KATHRYN REANEY, PA-C,
JENNIFER THEISEN, RRT,
ST. ANTHONY SUMMIT MEDICAL CENTER, and
VAIL-SUMMIT ORTHOPAEDICS, P.C.,

    Defendants.

## ORDER ON MOTION FOR MORE DEFINITE ANSWER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Compel Defendants Peter Janes, M.D., Kathryn Reaney, PA-C, and Vail-Summit Orthopaedics, P.C. to Provide a More Definite Answer [filed June 17, 2014; docket #35]. The motion is referred to this Court for disposition. (Docket #36.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication of the motion. For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

**I.    Background**

In this case, Plaintiff alleges the Defendants and their employees failed to evaluate and treat him properly after surgery when they discharged Plaintiff despite his respiratory problems and low oxygen saturation levels. *See generally* Complaint, docket #1. Plaintiff contends these problems, in combination with prescribed pain medication, culminated in a severe and permanent anoxic brain injury. *See id.* Defendants have filed answers essentially denying Plaintiff's allegations. *See*

Answers, dockets ## 19, 27.

In the present motion, Plaintiff asserts that he set forth his allegations clearly and specifically in compliance with Fed. R. Civ. P. 8(a); however, he argues, Defendants Peter Janes, M.D., Kathryn Reaney, PA-C, and Vail-Summit Orthopaedics, P.C. ("Vail-Summit Defendants") failed to comply with Fed. R. Civ. P. 8(b) in paragraph 6 of their Answer by (1) referring simply to the medical records rather than admitting or denying the allegations; (2) denying allegations if they "are inconsistent with the medical records or ... with the actual events" without explaining the validity of the records, their relation to actual events or what events actually transpired; (3) failing to specify the inconsistencies in (2) although they have had the medical records since April 22, 2014; (4) alternatively stating they are "without sufficient information and therefore deny" despite the fact that they were present during the challenged events and the medical records are within their knowledge; and (5) obscuring their answer by asserting the "contingent" admissions-denials to clearly contradictory factual averments. Accordingly, Plaintiff seeks an order compelling a more definite response to his allegations set forth in the 74 identified paragraphs of the operating Complaint. *See* Motion, docket #35 at 10, 11.

Defendants counter that paragraph 6 is "actually more responsive than Defendants are required to be under the Rules." Response, docket #37 at 2. Defendants contend that "[a]nswering in this fashion prevents the prejudice created by forcing defendants to admit or deny very specific factual allegations at this stage of the proceedings and prevents the need to change a response in the Answer if it turns out an allegation, even though consistent with a medical record, may be inconsistent with actual events or personal observations." *Id.* According to Defendants, "[w]hether or not these allegations prove inconsistent with the medical records or actual events or personal observations are matters that can only be assessed through further discovery." *Id.*

Plaintiff replies that Defendants' position reflects that they "do not wish to be wedded to any response until they see how other witnesses or records recollect the facts. Defendants' indirect wait-and-see answer, in spite of medical records and their firsthand knowledge[,] exemplifies evasiveness and flies in the face of the Rules." Reply, docket #39 at 5. Plaintiff contends that, "[b]ased on defendants' answers, we are no closer to knowing what they admit or deny." *Id.* at 6.

## II.   Discussion

Fed. R. Civ. P. 8 governs the rules of pleading. The court in *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011) set forth an excellent recitation of Rule 8 as it pertains to defenses:

> Rule 8 requires defendants responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In addition to a denial or admission, a party may also respond that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial. Fed. R. Civ. P. 8(b)(5). Consequently, Rule 8(b) permits only three possible responses to a complaint: (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial.
>
> One way a defendant may comply with these requirements is through a general denial. Rule 8(b)(3) provides:
>
>> General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
>
> Fed. R. Civ. P. 8(b)(3).

*Id.* at 602-03. Here, Plaintiff contends that Defendants' paragraph 6 in their Answer fails to comply with Rule 8(b). The paragraph reads:

> 6. Specifically, with regard to Paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63,64,65,66,67, 68,69, 70, 71, 72, 73, 74, 75, 76, 81, 82, 83, 84, 85, 86, 87, 88, 89, and 90, Defendants

> Janes, Reaney and VSO refer to the medical records. To the extent that the allegations contained in Paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 81, 82, 83, 84, 85, 86, 87, 88, 89, and 90, are inconsistent with the medical records or inconsistent with the actual events, Defendants Janes, Reaney and VSO deny those allegations. To the extent that information alleged in these paragraphs is not contained in the medical records and is based on personal observations of the Plaintiff or others, then Defendants Janes, Reaney and VSO are without sufficient information to form a belief as to the truth and accuracy of allegations in these paragraphs and therefore deny the same.

Answer, docket #27 at 2-3.

A defendant must respond to all of a plaintiff's allegations. *Lane*, 272 F.R.D. at 602 (citing Fed. R. Civ. P. 8(b)(1)(B) ("In responding to a pleading, a party must ... admit or deny the allegations asserted against it by an opposing party.")). Responses that documents speak for themselves and that allegations are legal conclusions do not comply with Rule 8(b)'s requirements. *See id.* at 602-03 (citations omitted).

While it appears undisputed that the Complaint's Paragraphs listed in paragraph 6 to the Answer refer to information taken from the medical records in this case, the Court agrees with Plaintiff that a mere referral to the records is an insufficient response. *Lane*, 272 F.R.D. at 602-03.

Morever, the Court finds unpersuasive Defendants' argument that, had the allegations contained a term to the effect of "the medical records state," Defendants could more readily respond with an affirmation or denial. Many of the enumerated Paragraphs specifically state, "Plaintiff was reported" or an event "was noted" (*see, e.g.*, Complaint, ¶¶ 31-33, 36-44, 46-47, 53-54, 56, 59-67); clearly, then, these allegations are not simply listed as "facts" but as "reported" or "noted" and may be affirmed or denied by a review of the records. Further, in their response to the present motion, Defendants list several inconsistencies among the allegations; thus, they apparently have knowledge of certain information that should be included in their Answer. *See* Motion, docket #37 at 6-8.

Accordingly, the Court finds Defendants' first qualified statement ("inconsistent with the medical records or inconsistent with the actual events") is non-responsive.

Finally, as to Defendants' second qualified statement ("not contained in the medical records and is based on personal observations of the Plaintiff or others"), the Court concludes that, upon review of the medical records, Defendants may discern from each specific allegation whether it is derived from a medical record. If not, then they may discern whether they have knowledge of the allegation; if not, then they may so respond.

In other words, by simply making qualified statements in response to Plaintiff's allegations, the Defendants fail to affirm, deny, or state they have insufficient information as to each allegation. The Court can perceive no prejudice to the Defendants in responding to the Complaint pursuant to Rule 8(b). While Defendants claim that they "need" discovery to determine whether to affirm or deny each of Plaintiff's allegations, the same could be said for any defendant responding to a complaint. However, Rule 8(b) contemplates that defendants typically have only 21 days to answer allegations that may have taken several months or years to create; accordingly, the standard applied to answers is much less restrictive than that applied to claims under Rule 8(a). Thus, a defendant need only affirm or deny based upon the knowledge he or she possesses, or state that he or she has no such knowledge. Here, Defendants will be ordered to file an Amended Answer providing such response to each of the Paragraphs listed in paragraph 6 of the Answer.

### III. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel Defendants Peter Janes, M.D., Kathryn Reaney, PA-C, and Vail-Summit Orthopaedics, P.C. to Provide a More Definite Answer [filed June 17, 2014; docket #35] as follows. On or before August 14, 2014, these Defendants shall file an Amended Answer in accordance with this order.

Dated and entered at Denver, Colorado, this 24th day of July, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge