IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00456-REB-MEH

CONNOR McSWEENEY

       Plaintiff,

v.

PETER JANES, M.D.;
KATHRYN REANEY, PA-C;
JENNIFER THEISEN, RRT;
ST. ANTHONY SUMMIT MEDICAL CENTER; and
VAIL-SUMMIT ORTHOPAEDICS, P.C.,

       Defendants.

---

## PROTECTIVE ORDER

---

THIS COURT hereby finds good cause exists warranting the imposition of a protective order to govern disposition of discovery in this case according to the terms laid out below:

    1.    In this action, the parties may obtain and use proprietary or commercial information and materials owned, created, kept, or used by St. Anthony Summit Medical Center or Vail-Summit Orthopaedics, P.C.. Additionally, private, confidential, or sensitive information relating to individually named Defendants or THE Plaintiff may be disclosed.

    2.    The purpose of this Protective Order is to preclude disclosure of confidential information to any person or entity not subject to this particular litigation and to any person or entity beyond each Party's law firm, except as set forth herein.

3. Some of the confidential information may, but not necessarily will, lead to questioning concerning confidential information in the course of depositions.

4. This protective order is therefore entered for the purpose of preventing the disclosure and use of confidential information except as set forth herein, and prohibiting the Parties from using or disclosing the confidential information beyond each Party's law firm.

5. This agreement does not constitute a global waiver by any party as to whether any confidential or Privileged Information is discoverable, but rather, is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any Party, beyond each Party's law firm. In designating information as 'Confidential Information,' a Party will make such designations only as to that information that the Party has reviewed and in good faith believes contains confidential and/or proprietary information. In particular, this agreement is not intended to modify or abrogate the Colorado Peer Review Privilege Statute, C.R.S. § 12-36.5, the Colorado Quality Assurance Privilege Statute, C.R.S. § 25-3-109, and the confidentiality provisions of the Health Care Quality Improvement Act, 42, U.S.C. § 11137(b).

6. This Protective Order shall apply to all documents, files or portions of files, human resource materials, personnel materials, policies, procedures, rubrics, training materials, medical records, data, learning resources, testing materials, educational documents and resources, promotional materials, guidelines, photographs, videos, medical devices, and other documents and information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and

designated as "confidential" pursuant to the terms of this Protective Order.

      7.      A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as confidential under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

      8.      Whenever a deposition involves the disclosure of confidential information, the deposition shall be considered as confidential and shall be subject to the provisions of this Protective Order.

      9.      Individuals authorized to review confidential information pursuant to this Protective Order include, but are not limited to, the Parties to this action and their undersigned counsel.  Law firms shall hold confidential information in confidence and shall not divulge the confidential information, either verbally or in writing, to the media or any other person, entity or government agency unless authorized to do so by court

order. Confidential information shall only be used for the case at hand and should not be shared or considered in any proceeding outside of the case at hand and any directly related appeal.

10.   Confidential information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order:

   a.   counsel for the Parties and their support staff;

   b.   the Parties and their respective employees, agents and representatives,

   c.   the Defendants' insurers or representative for Defendants' insurers;

   d.   expert witnesses, disclosed healthcare providers, and consultants retained, or consultants and their staffs, in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case.

   e.   court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court;

   f.   actual and potential witnesses in this action, including deponents;

   g.   outside copy services, graphic services, exhibit preparation services, and vendors necessary for the purposes of this case; and

   h.   other persons by written agreement of the Parties.

11.   The Party's counsel who discloses confidential information shall send to the recipient of the information a copy of this Protective Order and instruct them to comply with the Protective Order.

12.   No confidential information will be shared or published on the internet. The

parties agree no part of any deposition of any Party witness will be published in any form on the internet or to the public through any other form of media.

13. In the event it is necessary for the Parties to file confidential information with the Court in connection with any proceeding or motion, the confidential information shall be filed under seal. Inadvertent failure to file such information under seal does not waive the other provisions of this agreement.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this Protective Order.

15. By abiding by the terms of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the absence of taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this action.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

6

Entered and dated at Denver, Colorado, this 14th day of October, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge