IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00456-REB-MEH

CONNOR MCSWEENEY,

    Plaintiff,

v.

PETER JANES, M.D.,
KATHRYN REANEY, PA-C,
JENNIFER THEISEN, RRT,
ST. ANTHONY SUMMIT MEDICAL CENTER, and
VAIL-SUMMIT ORTHOPAEDICS, P.C.,

    Defendants.

## ORDER TO DETERMINE RELEVANCE

**Michael E. Hegarty, United States Magistrate Judge.**

On October 9, 2014, this Court held a hearing on a Motion for Protective Order filed by Defendants St. Anthony Summit Medical Center and Jennifer Theisen ("St. Anthony Defendants") [docket #45]. Days before the hearing, the parties raised other discovery issues informally with the Court; accordingly, the Court agreed to hear the discovery issues at the same hearing. During the hearing, the St. Anthony Defendants raised several relevance objections to written discovery requests propounded by the Plaintiffs; at the parties' request, I agreed to review certain documents *in camera* to determine whether they are discoverable.

On October 31, 2014, the St. Anthony Defendants provided the Court with their "Responses to Plaintiff's Written Requests for Production" and a "Relevancy Log" both of which were also provided to the Plaintiff. In addition, Defendants provided documents Bates-labeled "SASMC Policies 1-78." The Court will review these documents to determine whether they are relevant and discoverable.

**I.      Background**

In this case, Plaintiff alleges the Defendants and their employees failed to evaluate and treat him properly after surgery (to repair broken left femur) when they discharged Plaintiff despite his respiratory problems and low oxygen saturation levels. *See generally* Complaint, docket #1. Plaintiff contends these problems, in combination with prescribed pain medication, culminated in a severe and permanent anoxic brain injury. *See id.* Defendants filed answers essentially denying Plaintiff's allegations. *See* Answers, dockets ## 19, 27. Discovery has proceeded since May 21, 2014 and a 15-day trial is scheduled to commence in this case on October 5, 2015.

At the October 9, 2014 hearing, I first adopted the St. Anthony Defendants' proposed blanket protective order as consistent with *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382 (D. Colo. 2000), then addressed the objections the St. Anthony Defendants raised in response to certain requests for production propounded by the Plaintiff. *See* docket #54. With respect to Request for Production No. 1, I ordered the St. Anthony Defendants to produce certain employment records concerning the job description, training, discipline, education and any executed agreements concerning policies for those employees listed in the discovery request. Regarding the remaining challenged requests concerning written policies, 2, 7, 8 and 9, I set the parameters for the proper responses and agreed to review *in camera* any documents the St. Anthony Defendants believe are irrelevant to the claims and defenses in this matter.

**II.     Legal Standard**

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

**III.   Discussion**

A review of the St. Anthony Defendants' Responses to Plaintiff's Written Requests for Production reveals that the Defendants produced documents in response to all requests; however, only one response – RFP No. 2 – refers to Defendants' Relevancy Log and states, "documents have been submitted to the Court for an in camera review of their relevancy." RFP No. 2 seeks: "All policies, procedures, guidelines, or other documents in effect in February and March of 2012 at St. Anthony Medical Center which in any way relate to respiratory issues and respiratory status. This includes but is not limited to vital signs policies, protocols, guideline[s], and rules." At the hearing, I clarified that the request should include policies concerning monitoring, evaluating and communicating regarding respiration; monitoring vital signs; and dealing with abnormal respiration.

With this clarification in mind, I find that the following documents should be produced as reasonably calculated to lead to the discovery of admissible evidence:

SASMC 15-19
SASMC 22
SASMC 24
SASMC 49-51
SASMC 55
SASMC 61

Regarding all other documents produced, the Court agrees that they are irrelevant to the claims and defenses in this matter and need not be produced.

Accordingly, the St. Anthony Defendants shall produce copies of the documents listed above to the Plaintiff on or before November 14, 2014.

4

Dated at Denver, Colorado, this 7th day of November, 2014.

                                                                BY THE COURT:

                                                     *[signature]*

                                                     Michael E. Hegarty
                                                     United States Magistrate Judge